UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| EARL A. FRY, | Case No. 16-CV-3267 (DSD/TNL) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| RED WING CORRECTIONAL, RED WING, MN, | |
| Respondent. | |

---

This matter is before the undersigned United States Magistrate Judge on petitioner Earl A. Fry's petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254. *See* ECF No. 1. The petition has been referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. This Court has conducted a preliminary review of Fry's habeas petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Based on that review, this Court recommends dismissal of Fry's habeas petition without prejudice on account of Fry's failure to exhaust state remedies.

In 2014, Fry pleaded guilty to first-degree assault in Minnesota state court. *See State v. Fry*, No. A14-1297, 2015 WL 4450647, at *1 (Minn. Ct. App. June 29, 2015). He later sought to withdraw his guilty plea. *Id*. The trial court denied this request and sentenced Fry to a 58-month term of imprisonment. *Id*.

On direct appeal, Fry challenged his conviction only on the basis that the trial court should have allowed him to withdraw his guilty plea as a matter of state law. Fry presented several reasons why imposition of the guilty plea amounted to an injustice in his case, including that he was distracted during the plea hearing because he was worried about a missing portfolio,

that his plea was elicited through leading questions, and that the plea colloquy did not establish the elements of first-degree assault. *Id*. at *2-4. The Minnesota Court of Appeals rejected each of these contentions, and the Minnesota Supreme Court declined review.

In his federal habeas corpus petition, Fry again challenges the validity of his guilty plea, but this time on two entirely new grounds. First, Fry alleges that the prosecutor committed misconduct by charging him with an offense that he did not commit. *See* Petition at 5 [ECF No. 1]. Second, Fry argues that the presiding judge was biased against him and was later "removed from the bench because he was under investigation for bogusly convicting African Americans." *Id*.

A federal court cannot entertain a habeas corpus petition filed by a state prisoner unless the prisoner has exhausted all available state court remedies for all of his claims. *See* 28 U.S.C. § 2254(b) and (c). To satisfy the exhaustion of state court remedies requirement, the prisoner must show that all of his federal constitutional claims have been fairly presented to, and decided on the merits by, the highest available state court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). This requirement is explained by the United States Supreme Court as follows:

> Before seeking a federal writ of habeas corpus, a state prisoner
> must exhaust available state remedies, 28 U.S.C. § 2254(b)(1),
> thereby giving the State the opportunity to pass upon and correct
> alleged violations of its prisoners' federal rights. To provide the
> State with the necessary opportunity, the prisoner must fairly
> present his claim in each appropriate state court (including a state

> supreme court with powers of discretionary review), thereby
> alerting that court to the federal nature of the claim.

*Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations and quotations omitted). "A petitioner meets the fair presentation requirement if the state court rules on the merits of his claims, or if he presents his claims in a manner that entitles him to a ruling on the merits." *Gentry v. Lansdown*, 175 F.3d 1082, 1083 (8th Cir. 1999).

Fry's claims of prosecutorial misconduct and judicial bias were not raised before the Minnesota Court of Appeals on direct review. Although Fry argued in state court that his plea colloquy was insufficient to establish each of the elements of first-degree assault as a technical matter, never did Fry argue that he was actually innocent of the offense, or that the charges were unsupported by evidence, or that the prosecutor committed misconduct by lying to the trial court (as he alleges). Nor has Fry even once suggested prior to these federal habeas proceedings that the judge who presided over the underlying matter was biased against him or against African Americans in general.[1] Because Fry has not fairly presented these issues to the Minnesota courts, including the Minnesota Supreme Court, he cannot now raise the issues in these habeas proceedings. Accordingly, it is hereby recommended that Fry's habeas petition be dismissed without prejudice for failure to exhaust state remedies.

Only two matters merit further comment. First, Fry has requested that counsel be appointed to represent him in this matter. *See* ECF No. 5. "[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, it is committed to the discretion of

---

[1] Fry alleges that he did not learn about the factual basis for his claim until after the state-court process had concluded. *See* Petition at 6. But even if Fry were unable to raise his claim of judicial bias on direct review on account of being unaware of that claim, he could still pursue this claim in state court in a petition for post-conviction relief under Minn. Stat. § 590.01.

the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997).  Appointment of counsel would be helpful to neither Fry nor the Court here.  Although Fry's claims are not a model of clarity, the underlying problem with Fry's habeas petition is not the substance of his claims, but the fact that Fry has not exhausted those claims in state court.  There is nothing an appointed attorney could do to assist Fry in retroactively seeking review of those claims in state court.[2]

Second, a habeas corpus petitioner proceeding under § 2254 cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA").  *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).  A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In this case, it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would treat Fry's current habeas corpus petition differently than it is being treated here.  Fry has not identified, and this Court cannot discern, anything novel, noteworthy or worrisome about this case that warrants appellate review.  It is therefore recommended that Fry should not be granted a COA in this matter.

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

---

[2]This Court notes that the issues Fry *did* exhaust in state court were raised entirely as a matter of state law and are therefore not cognizable on federal habeas review.  *See Shelton v. Mapes*, 821 F.3d 941, 947 (8th Cir. 2016) (citing *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)).

1. Petitioner Earl A. Fry's petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 [ECF No. 1] be DISMISSED WITHOUT PREJUDICE for failure to exhaust state remedies.

2. Fry's motion to appoint counsel [ECF No. 5] be DENIED.

3. No certificate of appealability be issued.

Dated: December 8, 2016         *s/Tony N. Leung*
                                Tony N. Leung
                                United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.